# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| MORIAH TAYLOR EL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:18-CV-88-TLS |
| INDIANA SUPERIOR COURT, *et al.* | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Moriah Taylor El, a plaintiff proceeding pro se, filed an Amended Complaint [ECF No. 4], characterized as an Amended Legal Notice of Removal, and a Petition for Leave to Proceed in forma pauperis [ECF No. 3] on April 19, 2018. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff filed what she characterizes as an "Amended Legal Notice of Removal from Municipal Court to Federal Court Pursuant to Title 28 § 1441–§1446 Proper Article III Jurisdiction." Despite its title, the filing seeks monetary damages from the State of Indiana, State of Indiana Superior Court,[1] and Officer A. Maur as well as miscellaneous injunctive relief. Accordingly, the document is more properly considered an amended complaint than a notice of removal.[2]

In this case, the Plaintiff's Amended Complaint falls short of what is required to state a claim under the federal pleading standards. The Plaintiff alleges that, on March 14, 2018, she

---

[1] This is likely an attempt to name the Allen County Superior Court, where her charges are now pending. However, the Superior Court, though named for the county in which it sets, is a State entity. *See Pruitt v. Kimbrough*, 536 F. Supp. 764, 766 (N.D. Ind. 1982) ("Judges of Indiana's Circuit superior, and county courts are judicial officers of the state judicial system; they are not county officials.").

[2] Even if this document were construed as a notice of removal and the Plaintiff had followed the correct procedures for removing a case to federal court, summary remand would be required. Pursuant to 28 U.S.C. § 1443, a defendant facing criminal charges in state court can remove the action to federal court if, in pertinent part, it is an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Plaintiff has not specified any grounds that could properly support federal jurisdiction over her criminal misdemeanor case. "The Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights *based on race* and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (emphasis added) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966) and *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). Here, the Plaintiff alleges that she has been treated unfairly and had various rights violated during her prosecution. However, she does not allege that she has been denied any rights arising under a federal law providing for civil rights "based on race." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" (quoting *Rachel*, 384 U.S. at 792)). Nor is there any reason to believe that the Plaintiff cannot enforce the various rights she references in the state courts. *Id.* at 220 ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

was arrested for violating Indiana Code § 35-28-5-3.5.[3] Although her claims are difficult to discern, it appears that the Plaintiff asserts that several of her rights have been violated in the course of her arrest and prosecution in state court. The Plaintiff describes herself as an "Aboriginal, Indigenous Moorish American National, Freehold by Inheritance with Birthrights and protected and secured Inalienable Rights." (Amend. Compl. 2.) The basis of her suit appears to be that she was unlawfully detained, that the Indiana Superior Court exercised unconstitutional authority over her, and other individuals violated her rights by forcing her to pay fines and costs, but mis-naming her in violation of her "secured rights to [her] name and nationality." (*Id.* at 3.) The Plaintiff indicates that she made a "Reservation of Rights" stating the correct spelling of her name and her national status, but Officer Maur denied her inalienable rights to her name and nationality. (*Id.*) The Plaintiff's claims boil down to an allegation that Indiana courts lack jurisdiction over her based on her status as an Aboriginal Indigenous Moorish-American. The Seventh Circuit has instructed that claims such this be summarily rejected:

> Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

But, even setting aside the Plaintiff's allegations that she is somehow beyond the jurisdiction of the state court, her claim would still fail. The Plaintiff has not alleged facts from which it can be plausibly inferred that Officer A. Maur violated any provision of the federal Constitution or any other federal statute. Similarly, she has not alleged facts that plausibly

---

[3] There is no Indiana statute codified at § 35-28-5-3.5. However, the state court docket indicates she was charged with violating Indiana Code § 34-28-5-3.5, refusal to identify self (a Class C misdemeanor), in addition to other several infractions.

4

suggest that the other individuals and entities she has sued have violated any of her constitutional rights. Instead, the alleged violations stem from the constitutionality of the traffic stop and the asserted lack of jurisdiction.[4]

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

Accordingly, this case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 10, 2018.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[4] Further, the Plaintiff is attempting to sue the State of Indiana and the State of Indiana Superior Court which are entities that are immune from suit for monetary damages in federal court. *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) individuals may sue a state directly if Congress has abrogated the state's immunity from suit; and (3) individuals may sue the state if the state waived its sovereign immunity and consented to suit in federal court. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Thus, to the extent the Plaintiff requests monetary damages against these entities, her claim must fail.